JOSEPH ROSSO, an Infant, by THOMAS ROSSO, His Guardian ad Litem, Respondent, v. BENJAMIN SEL and LEON LANROWITZ, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ.

THOMAS W. ROURKE, Respondent, v. WILLIAM E. BALL, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ.

GERTRUDE M. ROWE, Respondent, v. GEORGE W. SNYDER, Appellant.— All findings of fact to the effect that the Wirtland Seminary was not a proper school for defendant's daughters to attend are reversed. The judgment is modified so as to be restricted to a simple recovery of the sum of seventy dollars for transportation expenses, without any other relief; in other words, so as to leave only the last paragraph of the judgment with the amount therein reduced to seventy dollars to stand; and as so modified is affirmed, without costs. Mills, Putnam, Kelly and Jaycox, JJ., concur; Rich, J., votes for affirmance.

MADELINE M. SCHMIDT, as Administratrix, etc., of AUGUST G. SCHMIDT, Deceased, Respondent, v. JACOB SINGER, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ.

MARGARET O'KEEFFE SEITZ, Respondent, v. EDISON Z. SEITZ, Appellant.— Order of December 20, 1919, modified by reducing the allowance of counsel fee from $300 to $150, and as modified affirmed, without costs. Order of February 16, 1920, modified by reducing the allowance of counsel fee from $200 to $50, and as modified affirmed, without costs. The fact that the wife has funds does not necessarily lead to a denial of alimony and counsel fee in an action for separation or divorce. The question before the court is whether the allowance is reasonably necessary. In determining this the court must take into consideration the evidence as to the amount of the resources of the wife as compared with those of the husband, and from that reach a judicial determination as to what amount, if any, is reasonably necessary for her maintenance and expenses in maintaining the action. Without analysis of the somewhat vague affidavits presented to the court, it is enough to say that the means of the wife, in comparison to the means of the husband, are not such as to require a denial of the motion as matter of law, but that under the circumstances we think the allowance of counsel fee was excessive. As the wife has the custody of the child and the expense of his maintenance and education, we are of opinion that the allowance of alimony should not be interfered with. Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ., concur.

WILLIAM SIDNEY SMITH and Others, etc., Taxpayers of Suffolk County, New York, Respondents, Appellants, v. DAYTON HEDGES, Appellant, Respondent.— Judgment unanimously affirmed, without costs. No opinion. Present — Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ.